**UNITED STATES of America**
v.
**Hector Manuel Rivera BARBOSA.**
**Crim. No. 63–63.**

United States District Court
D. Puerto Rico.

Dec. 30, 1963.

Francisco A. Gil, Jr., U. S. Atty., San Juan, P. R., for plaintiff.

Rodolfo Sequeira, San Juan, P. R., for defendant.

MARIS, Circuit Judge.

The defendant is accused in an indictment found October 9, 1963 of taking by force and violence from Mrs. Florence Palitzke on December 29, 1962 on a federal reservation a purse containing $60 in currency and other belongings of Mrs. Palitzke. It appears that at the time the offense was alleged to have been committed the defendant had not reached 18 years of age. Counsel for the defendant has moved for the dismissal of the indictment upon the ground that he has been by it twice put in jeopardy of punishment for the same offense in violation of the Fifth Amendment.

The facts are that on March 14, 1963 an indictment was found against the defendant charging him at No. 29–63, Criminal Docket, with the same offense in terms identical with those of the indictment now before me. On March 29, 1963 the defendant pleaded guilty to that indictment. His plea was accepted by the court but sentence was postponed pending receipt of the report of a presentence investigation by the probation officer. On October 15, 1963 that indictment was dismissed by the United States Attorney with leave of court. As we have seen, a second indictment in identical terms had been found by the grand jury six days previously.

The reason given by the Government for dismissing the first indictment, to which the defendant had pleaded guilty, was that the indictment was a nullity because the Attorney General had not authorized a criminal prosecution by indictment against the defendant, which authorization it says was required by law. I am satisfied that the contention of the Government in this regard is not correct. The statutory provision upon which it relies is this:

"A juvenile alleged to have committed one or more acts in violation of a law of the United States not punishable by death or life imprisonment, and not surrendered to the authorities of a state, shall be proceeded against as a juvenile delinquent if he consents to such procedure, unless the Attorney General, in his discretion, has expressly directed otherwise.

"In such event the juvenile shall be proceeded against by information and no criminal prosecution shall be instituted for the alleged violation." 18 U.S.C. § 5032.

██ It will be seen that the statute authorizes a minor defendant to be proceeded against by information as a juvenile delinquent rather than by indictment as an ordinary offender only if he consents to such procedure. It is only if such consent has been given by a minor defendant that the exercise of the discretionary authority of the Attorney General to direct otherwise can have any effect. Its effect, therefore, is merely to nullify the defendant's consent to be proceeded against as a juvenile delinquent, and thus to permit his criminal prosecution by indictment to proceed in that form if it has already been begun or to be instituted if an indictment has not yet been found against him. Here it does not appear that the defendant has at any time consented to be proceeded against as a juvenile delinquent with respect to the offense charged in the two indictments. Consequently the first indictment was not invalid on the ground that the defendant should have been proceeded against as a juvenile delinquent rather than criminally and the fact, if it be such, that the Attorney General did not

**630**

expressly direct that the defendant be prosecuted criminally by indictment is of no legal significance.

This brings me to the question of double jeopardy. It will be recalled that the defendant pleaded guilty to the first indictment. I think that his plea of guilty put him in jeopardy of punishment for the offense charged in both indictments. Riadon v. United States, 6 Cir.1960, 274 F.2d 304, cert. den. 364 U.S. 896, 81 S.Ct. 225, 5 L.Ed.2d 189. For the plea established his guilt and there remained only the formality of the entry of a judgment of conviction upon his plea and the imposition of sentence. It may be conceded, as Justice Brandeis pointed out in Collins v. Loisel, 1923, 262 U.S. 426, 429, 43 S.Ct. 618, 619, 67 L.Ed. 1062, that "The constitutional provision against double jeopardy can have no application unless a prisoner has, theretofore, been placed on trial." But when a defendant has been arraigned and has pleaded guilty to the indictment against him his situation, from the standpoint of his being in jeopardy of punishment, is exactly the same as if he had been placed on trial after a plea of not guilty and had been convicted by the jury. In either situation punishment is imminent and, ordinarily, inevitable.

Bassing v. Cady, 1908, 208 U.S. 386, 28 S.Ct. 392, 52 L.Ed. 540, and the other cases cited by the Government which involved indictment and a plea of not guilty followed by a dismissal of the indictment are not in point for in those cases the defendant pleaded not guilty, and was never actually placed on trial. Likewise United States v. Scarlata, 3 Cir.1954, 214 F.2d 807, is not in point since it involved the application of the particular language of 18 U.S.C. § 659 and not the broad language of the Fifth Amendment.

I conclude that the indictment now before me has placed the defendant twice in jeopardy of punishment for the same offense in violation of the Fifth Amendment. The defendant's motion to dismiss the indictment will accordingly be granted.