STATE OF CONNECTICUT *v.* ANONYMOUS (1974–6)*

SUPERIOR COURT

BARBER, J. The defendant has moved to dismiss on the ground of double jeopardy. A bench warrant was issued in this court. The information accuses the defendant of the crime of rape in the first degree in violation of General Statutes § 53a-72 and the crime of risk of injury to a minor child in violation of § 53-21.

Prior to the issuance of the bench warrant in the Superior Court, the defendant was presented in the Circuit Court, charged with the crime of risk of injury to a minor child. The supporting affidavit for the bench warrant in the Superior Court recites essentially the same facts as the affidavit in the Circuit Court. Before plea in the Circuit Court, a substituted information was filed charging the defendant with the crime of sexual contact in the third degree in violation of General Statutes § 53a-80. This crime is a class A misdemeanor and within the final jurisdiction of the Circuit Court. To this substituted information, the defendant pleaded guilty and was sentenced to one year in the custody of the commissioner of correction, with execution suspended and probation for two years. A condition of probation was that the defendant

* Opinions on preliminary motions in criminal cases are thus entitled, in view of General Statutes § 54-90.

assume the lying-in expenses of the complainant, who was alleged to be in her fifth month of pregnancy.

The constitution of this state contains no provision against double jeopardy such as is found in the constitution of the United States. *Kohlfuss* v. *Warden,* 149 Conn. 692, 695; see Conn. Const. (1965).

In *Palko* v. *Connecticut,* 302 U.S. 319, it was held that federal double jeopardy standards were not applicable to the states and that only when a kind of jeopardy has subjected a defendant to "a hardship so acute and shocking that our polity will not endure it" will the due process clause apply. This notion that basic constitutional rights may be denied by the states so long as the totality of the circumstances do not disclose a denial of fundamental fairness has now been rejected.

In 1969, *Palko* v. *Connecticut,* supra, was overruled by *Benton* v. *Maryland,* 395 U.S. 784, which holds that the double jeopardy clause of the fifth amendment is now applicable to the states by incorporation into the due process clause of the fourteenth amendment. Connecticut cases decided before *Benton* v. *Maryland,* supra, hold that one set of facts can combine the necessary elements of two or more distinct offenses and that prosecution for one of the offenses will not bar prosecution for another of them. See *State* v. *DelVecchio,* 149 Conn. 567, 577; *State* v. *Fico,* 147 Conn. 426, 430; *State* v. *Silver,* 139 Conn. 234, 244; *State* v. *Andrews,* 108 Conn. 209, 215; *State* v. *Lee,* 65 Conn. 265, 271; see also Saden, "Shades of Double Jeopardy: The State Ta' e An Appeal," 14 Conn. B.J. 35. Now, the United States Supreme Court decision in *Benton* v. *Maryland,* supra, makes it mandatory on states to proceed more cautiously to avoid problems of double jeopardy on a constitutional basis.

The defendant's motion to dismiss this case on the ground of double jeopardy raises two questions. First, is the defendant being prosecuted for the "same offense" as the one to which he pleaded guilty and was convicted in the Circuit Court? Second, does the fact that the two crimes with which the defendant is accused in this court are not within the final jurisdiction of the Circuit Court have any bearing on the issue of double jeopardy? These questions can no longer be decided on the sole basis of "fundamental fairness" but must be decided on a constitutional basis. *Ashe* v. *Swenson,* 397 U.S. 436, 443. The double jeopardy clause is a guarantee "that the State with all its resources and power [shall] not be allowed to make repeated attempts to convict an individual . . . , thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity." Id., 450.

It is the general common-law rule that if the crimes are so distinct, either in law or in fact, that evidence of the facts charged in the second information would not have supported a conviction under the first, the offenses are not the same, and the second information is not barred. Miller, Criminal Law § 187. The common-law test is whether the same evidence would sustain a conviction on either information. *Wilson* v. *State,* 24 Conn. 57, 64; *State* v. *Vincent,* 25 Conn. Sup. 96, 101; see *State* v. *Brown,* 163 Conn. 52, 60 (setting forth the rule on "lesser included offenses"). On a constitutional basis, the tendency of the courts recently has been to depart from the narrow common-law rules. It has been stated that the double jeopardy clause, except in the most limited circumstances, requires the prosecution to join at one trial all charges against a defendant that grow out of a single criminal episode or transaction. *Ashe* v. *Swenson,* supra, 453. The Michigan

Supreme Court has ruled that the "same transaction" test is now constitutionally required. *People* v. *White,* 390 Mich. 245. Within these constitutional guidelines, the defendant in this case is now being prosecuted in the Superior Court for the "same offense" that he was convicted of in the Circuit Court.

It is also a general common-law rule that where a court had no jurisdiction there can be no former jeopardy. *State* v. *Farrand,* 1 Root 446; *State* v. *Vincent,* supra; note, 4 A.L.R.3d 874. It is true that the Circuit Court does not have final jurisdiction of either the crime of rape in the first degree (General Statutes § 53a-72) or the crime of risk of injury to a minor child. General Statutes § 53-21. The function of the Circuit Court is limited to the determination of probable cause. General Statutes § 54-1a; see *State* v. *Fox,* 83 Conn. 286, 295. The Circuit Court and the Superior Court, however, are a part of one judicial system. Conn. Const. art. V § 1; General Statutes § 51-1; see *Waller* v. *Florida,* 397 U.S. 387, 392. The defendant stands convicted in the Circuit Court. The state may not now constitutionally claim that this does not constitute former jeopardy, any more than it could validly claim that former jeopardy by a void indictment may be ignored. *Benton* v. *Maryland,* 395 U.S. 784, 796. There is no claim on the part of the state that there was any fraud on the part of the defendant in the Circuit Court proceedings. See *State* v. *Reed,* 26 Conn. 201. A municipal conviction for assault and battery has been held to preclude a state-court-level trial on the greater offense of assault with intent to kill. *Robinson* v. *Neil,* 366 F. Sup. 924. "If the State were allowed to initiate separate prosecutions against a defendant for every crime up the ladder from the lesser to the greater offense, the potential for abuse and oppression would be too great to be

tolerated in a society concerned for the rights of the individual. The double jeopardy clause stands as a bar to such a potential." Id., 928.

For the foregoing reasons, the defendant's motion to dismiss on the grounds of double jeopardy is granted.