## 54132. WHITE v. THE STATE.

SHULMAN, Judge.

Defendant, a youth of 15 years of age at the time of the alleged offense, was indicted for murder and entered a

plea of "not guilty by reason of insanity." The trial court ordered psychiatric examination and evaluation and it was stipulated that the psychiatric reports would be admitted into evidence at the trial. With the consent of the district attorney, the defendant waived jury trial and agreed to be tried by the court without a jury. On December 6, 1976, after such trial and having heard evidence presented to the court, the judge acting as the finder of fact found the defendant to be insane and mentally incompetent at the time the act was committed and under the law acquitted the defendant of the offense against him. The court, in accordance with Code § 27-1503, properly ordered the defendant confined in the state hospital for the mentally ill. On the following day, December 7, 1976, with no explanation whatsoever appearing in the record, the court, erroneously denominating the defendant's plea as a "plea of guilty," abruptly set aside said "plea of guilty" and ordered the defendant held for trial at the March 1977 term of that court. It should again be noted that the actual plea was "not guilty by reason of insanity." Special pleas of autrefois acquit, former jeopardy and of res judicata were filed on behalf of the accused and all were denied by the trial judge. This court granted immediate review and defendant promptly appealed.

Defendant has at this time been incarcerated in the county jail for over nine months.

1. The sole issue presented for our consideration is whether jeopardy had attached so as to render the trial court's second order a nullity. There does not appear to be a case on this precise point in the annals of Georgia jurisprudence.

2. The Constitution of the State of Georgia provides, "No person shall be put in jeopardy of life or liberty more than once for the same offense, save on his, or her own motion for a new trial after conviction, or in case of mistrial." Code Ann. § 2-115. A provision of similar import appears in the Federal Constitution. Code § 1-805. "Since the Double Jeopardy Clause of the Fifth Amendment nowhere distinguishes between bench and jury trials, the principles given expression through that Clause apply to cases tried to a judge." United States v.

Jenkins, 420 U. S. 358, 365. "In the case of a jury trial, jeopardy attaches when a jury is empaneled and sworn. [Cits.] In a nonjury trial, jeopardy attaches when the court begins to hear evidence. [Cits.]" Serfass v. United States, 420 U. S. 377, 388. See also *Johnston & Co. v. Smith & Chafee,* 83 Ga. 779 (10 SE 354), which holds that the finding of a court submitted under the evidence is to be treated as the verdict.

3. The case closest in point in Georgia is *Lincoln v. State,* 138 Ga. App. 234 (225 SE2d 708), where this court held that the defendant was put in jeopardy in a juvenile court hearing at which he pled guilty and was sentenced. When later he was indicted by the grand jury, the matter was res judicata and denial of his plea of double jeopardy was error.

There are several very persuasive decisions from other jurisdictions. In State v. Vincent, 25 Conn. Sup. 96, 81 (197 A2d 79), that court held: "Jeopardy ordinarily attaches when an accused has been placed on trial on a valid information before a court of competent jurisdiction, has been arraigned and has pleaded, and, if the trial is by court, when the trial has begun. McCarthy v. Zerbst, 85 F. 2d 640 (10th Cir.), cert. denied, 299 U. S. 610, 57 S. Ct. 313, 81 L. Ed. 450; see 22 C. J. S. Criminal Law, § 241 n. 69, p. 640, 15 Am.Jur., Criminal Law, § 369. And it is not the verdict or judgment which places a prisoner in jeopardy. People ex rel. Meyer v. Warden, 269 N. Y. 426, 199 N. E. 647. Double jeopardy does not depend upon the result of the trial but the fact of the trial. Green v. U. S., 355 U. S. 184, 78 S. Ct. 221, 2 L. Ed. 2d 199, 61 A. L. R. 2d 1119 & note, 1141; 22 C. J. S. Criminal Law, § 243 n. 88, p. 642, 15 Am. Jur. 46, Criminal Law, § 369 n. 11."

In the case of State v. Pittsburg Paving Brick Co., 117 Kan. 192, 196 (230 P. 1035), the Kansas Supreme Court wrote: "The prosecution against appellants began, proceeded to arraignment, to pleas of not guilty, to waiver of jury, to presentation of the agreed facts, the acceptance of these by the court as the controlling facts, and the sufficiency of these facts to constitute the offense charged was brought to the attention of the court on the demurrer of the defendants. Our Constitution expressly provides that no person shall be twice put in jeopardy for the same

offense, and it is well settled that a person is in jeopardy when he is regularly charged with a crime before a court of competent jurisdiction and a trial has commenced. In State v. Reed, 53 Kan. 767, 37 P. 174, 42 Am. St. Rep. 322, it was said: 'It is true that the jeopardy of the defendant began when the jury were impaneled and sworn and the reception of evidence was commenced, and it is also true that the discharge of the jury without the consent of the defendant, and without sufficient reason, will ordinarily bar a further trial.' State v. Stiff, 117 Kan. —, 231 P. —.

"[2, 3] So far as jeopardy is concerned, the commencement of a trial without a jury must be deemed the equivalent of one begun with a jury. The peril of jeopardy arises before a judge acting alone under the same circumstances as before a judge and jury. The submission of the case on the agreed facts advanced the trial to the stage reached in a trial with a jury where the testimony of all the witnesses of both parties had been taken and presented to a duly impaneled jury, which had taken the weight and effect of the evidence under consideration. [Cits.]"

The Supreme Court of Appeals of our sister state of Virginia, in the case of Adkins v. Commonwealth, 175 Va. 590, 596 (9 SE2d 349), held: " 'There was no jury trial in the instant case, and we have not overlooked the fact that jeopardy, as ordinarily understood in legal parlance, refers to the danger of conviction and punishment which a defendant incurs in a criminal case where a jury has been impaneled and sworn. But we are of opinion that the spirit and purpose of the immunity intended to be secured by the doctrine in question will be violated whenever a defendant in any criminal case has been formerly tried by competent authority, whether court or jury, and discharged upon a defense constituting a bar to the proceeding, whether that defense be rested upon the law or the facts.' This conclusion is in conformity with the rule announced in Am. & Eng. Encyc. Law, Vol. XXIV, p. 831. . ."

4. The events which led to the action at bar are clear. A plea of not guilty by reason of insanity (apparently in this case delusional compulsion) was entered by the

defendant. The court tried the case without a jury by agreement of all parties and heard and accepted stipulated evidence. After consideration of the evidence, the court issued a final order that, "[T]he Judge acting as the finder of fact found that the Defendant was insane and mentally incompetent under the law at the time the act charged against him was committed; and that the verdict is that the Defendant is acquitted of the offense charged against him only because of mental irresponsibility and insanity at the time of the commission of the act." R., p. 18. And then inexplicably, at least to this court, the trial court the next day set aside such order and further ordered the defendant held for trial at the March 1977 term of that court.

We hold that the court erred in so doing, and we further hold that jeopardy attached when the issue was joined and the defendant's plea of not guilty by reason of insanity and evidence was presented to the court sitting alone as the trier of the facts and the law. Defendant cannot be tried again for the same offense.

*Judgment reversed and remanded with direction that the lower court's order of December 7, 1976, setting aside his original judgment be vacated and that his judgment and order of December 6, 1976, acquitting the defendant and ordering him confined to the state hospital for the mentally ill be reinstated and implemented. Quillian, P. J., and Banke, J., concur.*

ARGUED JULY 11, 1977 — DECIDED SEPTEMBER 6, 1977 — REHEARING DENIED SEPTEMBER 28, 1977 —

*Glover & Davis, William E. Anderson,* for appellant.
*William F. Lee, Jr., District Attorney, Robert H. Sullivan, Assistant District Attorney,* for appellee.