Albert Charles **BURGESS, Jr.,** Appellee,

v.

**J.H. GRIFFIN,** Superintendent of McCain Prison Unit and the State of North Carolina, Appellants.

No. 84–6287.

United States Court of Appeals, Fourth Circuit.

Argued July 11, 1984.

Decided Sept. 20, 1984.

Barry S. McNeill, Asst. Atty. Gen. (Rufus L. Edmisten, Atty. Gen. of N.C., Raleigh, N.C., on brief), for appellants.

Thomas J. Andrews, Durham, N.C., for appellee.

Before PHILLIPS, MURNAGHAN and ERVIN, Circuit Judges.

PER CURIAM:

The State of North Carolina appeals from the district court's grant of Albert Burgess's petition for habeas corpus relief. In January 1979, Albert Burgess, expressly waiving a defective indictment, pled guilty in North Carolina Superior Court to taking indecent liberties with children. After several appearances at sentencing hearings but before sentencing, Burgess fled to South Carolina. After his capture, he was again indicted for taking indecent liberties with children, this time on twenty-seven different counts, despite the state's earlier assurance that the initial charge to which he pled guilty would cover these counts. The state superior court that heard the second prosecution struck the first guilty plea *sua sponte* and accepted a second plea of guilty. Burgess was then sentenced to two consecutive ten year terms. The maximum sentence Burgess could have received following his initial prosecution was ten years.

In a thorough and well reasoned opinion, the district court concluded that Burgess did not waive his right to assert double jeopardy by pleading guilty after the second prosecution and that the state violated Burgess's fifth amendment right against double jeopardy when it again brought charges against him after he had fled the jurisdiction.

After careful consideration of the record, the briefs, and the arguments of counsel, we find ourselves in complete agreement with the district court. Accordingly, we affirm on the basis of the district court's opinion. *Burgess v. Griffin*, 585 F.Supp. 1564 (W.D.N.C.1984).

AFFIRMED.