### State of Vermont v. Stuart Forbes

[523 A.2d 1232]

No. 85-496

Present: **Allen, C.J., Hill and Gibson, JJ., Barney, C.J. (Ret.) and Connarn, D.J. (Ret.), Specially Assigned**

Opinion Filed January 16, 1987

*William T. Keefe*, Addison County Deputy State's Attorney, Middlebury, for Plaintiff-Appellee.

*Peter F. Langrock* and *John L. Kellner* of *Langrock Sperry Parker & Wool*, Middlebury, for Defendant-Appellant.

**Allen, C.J.** This is an interlocutory appeal from the trial court's decision to deny defendant's motion to dismiss a criminal information. We answer three certified questions in the negative and remand for continued prosecution.

On January 24, 1985, the State filed three informations against the defendant. The first alleged a violation of common law manslaughter (penalty provided by 13 V.S.A. § 2304); the second a violation of 13 V.S.A. § 1024, aggravated assault; and the third a violation of 13 V.S.A. § 1025, reckless endangerment.

At arraignment, on January 28, 1985, defendant entered pleas of not guilty to the alleged manslaughter and aggravated assault. He tendered a plea of guilty to the third information, reckless

endangerment. Immediately thereafter, the State moved, pursuant to V.R.Cr.P. 48(a), to dismiss the second and third informations alleging the crimes of aggravated assault and reckless endangerment. The presiding judge did not rule on the motion to dismiss and did not accept the defendant's guilty plea to the charge of reckless endangerment. A hearing on the State's motion to dismiss the aggravated assault and reckless endangerment charges was subsequently held, and the district court granted the State's motion. The court's decision was based principally on its conclusion that V.R.Cr.P. 48(a) "gives the state an absolute right to nol pros prior to trial," Reporter's Notes to V.R.Cr.P. 48(a), and on case law indicating that " 'a criminal defendant has [no] absolute right to have his guilty plea accepted by the court.' " *United States* v. *Jackson*, 390 U.S. 570, 584 (1968) (quoting *Lynch* v. *Overholser*, 369 U.S. 705, 719 (1962); see also *North Carolina* v. *Alford*, 400 U.S. 25, 38 n.11 (1970) (criminal defendant does not have absolute right to have guilty plea accepted); cf. *United States* v. *Gaskins*, 485 F.2d 1046, 1047-48 (D.C. Cir. 1973) (refusal to accept guilty plea solely because defendant does not admit facts of crime is abuse of discretion). At that point, the only information pending against the defendant was the one alleging a violation of common law manslaughter.

The defendant thereafter moved to dismiss the pending manslaughter information, arguing that because jeopardy had attached the moment he made a judicial admission in open court by pleading guilty to the reckless endangerment charge, further prosecution of the manslaughter charge was barred since reckless endangerment is a lesser-included offense of manslaughter.

The district court denied defendant's motion to dismiss, concluding that reckless endangerment is not a lesser-included offense of manslaughter. The court also determined that even if reckless endangerment were a lesser-included offense of manslaughter, jeopardy had not attached, since defendant's plea, although entered, had not been accepted by the court.

The defendant then moved for interlocutory appeal to this Court, pursuant to V.R.A.P. 5(b). This motion was granted and the following certified questions of law were subsequently filed with this Court:

> 1. Did jeopardy attach when Stuart Forbes voluntarily and in open court entered a guilty plea to a criminal infor-

mation filed by the State charging him as follows: "On the 23rd day of November 1984, [Stuart C. Forbes] was then and there a person who recklessly engaged in conduct which placed another in danger of death, to wit, firing a rifle in the direction of Steven Brown and killing him."

2. Is reckless engangerment [sic], 13 V.S.A. § 1025, as charged in Docket No. 60-1-85Acr:

Recklessly engag[ing] in conduct which placed another in danger of death, to wit; fir[ing] a rifle in the direction of Steven Brown and killing him,

the same offense as or a lesser included offense of manslaughter, 13 V.S.A. § 2304, as charged in Docket No. 60-1-85Acr:

On the 23rd day of November 1984, [Stuart C. Forbes] was then and there a person who feloniously killed and slayed another human being; to wit did kill Steven Brown.

3. Is continued prosecution of Stuart Forbes for manslaughter barred by double jeopardy?

The defendant argues that jeopardy attached when the guilty plea to reckless endangerment was tendered in open court and that subsequent prosecution of the pending manslaughter information is barred.

Defendant relies principally on *Riadon* v. *United States*, 274 F.2d 304, 306 (6th Cir.), *cert. denied*, 364 U.S. 896 (1960); *United States* v. *Barbosa*, 224 F. Supp. 628, 630 (D.P.R. 1963); and *State* v. *Vincent*, 25 Conn. Supp. 96, 100, 197 A.2d 79, 82 (Conn. Super. Ct. 1961). These cases, the defendant argues, support the proposition that jeopardy attaches at the time a defendant knowingly and voluntarily exposes himself to the danger of entry of a valid judgment against him, i.e., at the time the plea is made, prior to the time the plea is accepted.

Defendant's reliance on *Vincent* and *Barbosa* is misplaced. In both *Vincent*, 25 Conn. Supp. at 97, 197 A.2d at 80, and *Barbosa* 224 F. Supp. at 629, pleas had been accepted by the court. *Riadon* concerned two separate cases involving counterfeiting. The defendant pled guilty to an indictment arising out of a transaction in Nashville, and not guilty to an indictment arising out of a

transaction in Memphis, Tennessee. He was eventually convicted for incidents arising out of the Memphis transaction. On appeal from the Memphis conviction, he argued that his earlier plea of guilty in the pending Nashville case had placed him in jeopardy for his later Memphis conviction. *Riadon*, 274 F.2d at 305. *Riadon* is distinguishable from the present case for two reasons: it involved two separate indictments, and his guilty plea in the Nashville case had been accepted by the court. *Id.*

■ A conviction based on a guilty plea is clearly sufficient to sustain a defense of double jeopardy in a subsequent prosecution for the same offense. See *Brown* v. *Ohio*, 432 U.S. 161, 162-65 (1977); *United States* v. *Combs*, 634 F.2d 1295, 1297 (10th Cir. 1980), *cert. denied*, 451 U.S. 913 (1981). Moreover, jeopardy generally attaches when a guilty plea has been accepted. *United States* v. *Jerry*, 487 F.2d 600, 606 (3d Cir. 1973); *Gilmore* v. *Zimmerman*, 619 F. Supp. 859, 862 (E.D. Pa. 1985), *aff'd*, 793 F.2d 564 (3d Cir. 1986); *Burgess* v. *Griffin*, 585 F. Supp. 1564, 1571 (W.D.N.C.), *aff'd*, 743 F.2d 1064 (4th Cir. 1984). A plea of guilty must be accepted by the court, however, before jeopardy attaches. See *State* v. *De Nistor*, 143 Ariz. 407, 412, 694 P.2d 237, 242 (1985); *People ex rel. Grogan* v. *Morhous*, 270 A.D. 871, 871, 60 N.Y.S.2d 326, 327 (1946). A nolle prosequi before jeopardy attaches does not operate as an acquittal or prevent further prosecution of the offense. *Bassing* v. *Cady*, 208 U.S. 386, 391-92 (1908).

■ Answering the first certified question, we hold that jeopardy did not attach when defendant voluntarily and in open court entered a guilty plea to a criminal information filed by the State charging him with reckless endangerment on November 23, 1984. The plea had not been accepted by the court when the State moved to dismiss the charge. It is not the entering of a plea by a defendant that determines whether or not jeopardy attached; it is the acceptance of the plea by the court that is determinative. A tendered but unaccepted plea of guilty does not place a defendant in jeopardy. *Stowers* v. *State*, 266 Ind. 403, 408-10, 363 N.E.2d 978, 982-84 (1977); *Banks* v. *State*, 56 Md. App. 38, 48, 466 A.2d 69, 74 (Md. Ct. Spec. App. 1983).

■ As to the second certified question, reckless endangerment, 13 V.S.A. § 1025, is not the same as or a lesser-included offense of common law manslaughter. An offense is a lesser-included offense of another if it is composed of some, but not all,

elements of the greater offense and does not have any element not included in the greater offense. *Blockburger* v. *United States*, 284 U.S. 299, 304 (1932). The same act may constitute two separate crimes, and, if they are not so related that the lesser of them is a necessary element in the greater, then a prosecution may be had for each offense. *State* v. *Poirier*, 142 Vt. 595, 598, 458 A.2d 1109, 1111 (1983); *State* v. *Parker*, 123 Vt. 369, 371, 189 A.2d 540, 541-42 (1963).

The offense of reckless endangerment is committed when "[a] person . . . recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 13 V.S.A. § 1025. Involuntary manslaughter is defined as a killing " 'caused by an unlawful act, but not accompanied with any intention to take life.' " *Poirier*, 142 Vt. at 598, 458 A.2d at 1111 (quoting *In re Estate of Mahoney*, 126 Vt. 31, 35, 220 A.2d 475, 478 (1966)). This Court has previously ruled that in a double jeopardy analysis the elements of the lesser offense must "necessarily be included" within the greater offense in order for it to be considered a lesser-included offense. *State* v. *Bourn*, 139 Vt. 14, 15-16, 421 A.2d 1281, 1281-82 (1980). More precisely, the lesser offense is considered to be included in the greater offense only if each of its elements is "always a necessary element" of the greater offense. *Illinois* v. *Vitale*, 447 U.S. 410, 419 (1980).

In order to conclude that reckless endangerment is a lesser-included offense of involuntary manslaughter, it would be necessary to equate recklessness with unlawful conduct. No such conclusion may be reached. Not all unlawful conduct, resulting in a killing, need rise to the level of recklessness. The "unlawful act" necessary to sustain a conviction for manslaughter could be reckless. Such conduct could also, however, be negligent. As such, the offense of reckless endangerment has an element not necessarily included in the offense of manslaughter. It is not therefore a lesser-included offense.*

---

\* Even were we to conclude that reckless endangerment is a lesser-included offense of manslaughter, the acceptance of a guilty plea to a lesser-included offense, while charges on greater offenses remain pending, does not raise a double jeopardy bar to the continued prosecution on any remaining counts of a multicount indictment. *Ohio* v. *Johnson*, 467 U.S. 493, 500-01 (1984). Although *Ohio* v. *Johnson* is technically distinguishable in that a multicount indictment was at issue, the State could have joined all three allegations in a single information in the present case. V.R.Cr.P. 8(a)(2).

Answering the third certified question, continued prosecution of defendant for manslaughter is not barred by double jeopardy.

*The three certified questions are answered in the negative.*