828 F.2d 17
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Albert Charles BURGESS, JR., Plaintiff-Appellant,
v.
Joseph G. BROWN, George Hill, Larry E. Horton, Bob Carter,
Defendant-Appellee.
 No. 87-7538
 United States Court of Appeals, Fourth Circuit.
 Submitted June 18, 1987.
Decided August 19, 1987.
 
 Albert Charles Burgess, Jr., appellant pro se.
 Lacy H. Thornburg, Office of the Attorney General of North Carolina, for appellees Brown and Hill.
 Frank Bayard Aycock, III, for appellee Horton.
 Allan R. Gitter, Womble, Carlyle, Sandridge & Rice, for appellee Carter.
 Before K.K. HALL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Albert Charles Burgess, a South Carolina inmate, appeals the dismissal of his 42 U.S.C. Sec. 1983 action against various police officers and district attorneys involved in his 1980 conviction in North Carolina and allegedly involved in his 1985 conviction in South Carolina. Because we find dismissal may raise a statute of limitations problem for Burgess, we vacate the judgment of dismissal and remand for modification of the district court's final order.
 
 
 2
 Burgess' North Carolina conviction was overturned on the basis of double jeopardy pursuant to a writ of habeas corpus affirmed by this Court in 1984. See Burgess v. Griffin, 743 F.2d 1064 (4th Cir. 1984). In 1985 Burgess was arrested and convicted in South Carolina. Burgess brought this action attacking both convictions. First, Burgess claimed that his North Carolina sentence was enhanced by the submission and consideration of false information. Second, Burgess alleged that upon his habeas corpus release, the defendants unconstitutionally conveyed information about him to the authorities in South Carolina. Burgess alleged that his South Carolina trial, conviction, and sentence were unconstitutional as a result.
 
 
 3
 The district court dismissed Burgess' complaint without prejudice for failure to exhaust state remedies. Burgess argues on appeal that exhaustion is not required for the claims relating to his vacated 1980 conviction and that because exhaustion will create a statute of limitations problem for the claims relating to his 1985 conviction, those claims should be stayed pending exhaustion.
 
 
 4
 We agree with the district court that Burgess' claims regarding his 1985 conviction call into question the validity of his conviction, requiring exhaustion. See Hamlin v. Warren, 664 F.2d 29, 30, 32 (4th Cir. 1981), cert. denied, 455 U.S. 911 (1982). We note, however, that the three year North Carolina statute of limitations governs this action. Outright dismissal of the claims relating to Burgess' 1985 conviction may create a statute of limitations problem for Burgess. Therefore, we will vacate the judgment of dismissal and remand this case to the district court with direction to hold these claims in abeyance pending exhaustion of state remedies. See Hamlin, 664 F.2d at 32.
 
 
 5
 Although exhaustion of state remedies is not required for Burgess' claims relating to his 1980 conviction, we find those claims to be without merit and therefore subject to dismissal with prejudice.
 
 
 6
 As the dispositive issues have recently been decided authoritatively, we dispense with oral argument. This case is remanded to the district court with directions that Burgess' claims relating to his 1980 conviction be dismissed with prejudice and the claims relating to his 1985 conviction be held pending exhaustion. The judgment, as modified, is affirmed.
 
 
 7
 REMANDED and AFFIRMED as MODIFIED.