937 F.2d 602
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Albert Russell CLAY, Jr., Petitioner-Appellant,
v.
Edward W. MURRAY, Director of the Virginia Department of
Corrections, Respondent-Appellee.
Albert Russell CLAY, Jr., Petitioner-Appellant,
v.
Edward W. MURRAY, Director of the Virginia Department of
Corrections, Respondent-Appellee.
Albert Russell CLAY, Jr., Petitioner-Appellant,
v.
Edward W. MURRAY, Director of the Virginia Department of
Corrections, Respondent-Appellee.
 Nos. 91-6564 to 91-6566.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 26, 1991.
Decided July 16, 1991.
As Amended Aug. 14, 1991.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, District Judge. (CA-90-1600-N)
 Albert Russell Clay, Jr., appellant pro se.
 Linwood Theodore Wells, Jr., Assistant Attorney General, Richmond, Va., for appellee.
 E.D.Va.
 No. 91-6564 AFFIRMED IN PART, VACATED AND REMANDED IN PART; No. 91-6565 DISMISSED; and No. 91-6566 DISMISSED.
 Before DONALD RUSSELL, K.K. HALL and MURNAGHAN, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Albert Russell Clay, a Virginia prisoner, appeals* from an order of the district court adopting the recommendation of the magistrate judge and denying relief on Clay's petition under 28 U.S.C. Sec. 2254. We grant a certificate of probable cause to appeal and affirm in part and vacate and remand in part in No. 91-6564. We dismiss No. 91-6565 as duplicative. We dismiss No. 91-6566 as untimely.
 
 
 2
 Clay was charged in three indictments with robbery, conspiracy to rob, and conspiracy to maliciously wound. Pursuant to a plea agreement Clay pled guilty to the indictment charging him with conspiracy to commit malicious wounding and the other two indictments were nol prossed. Following a delay of over a year, due in part to Clay's disappearance, he was sentenced to ten years imprisonment. Clay filed two habeas corpus petitions with the Virginia Supreme Court, both of which were denied. Clay then filed the present petition under Sec. 2254.
 
 
 3
 The present petition raises ten claims. After the respondent moved to dismiss, the case was referred to a magistrate judge who recommended that claims 1-9 be dismissed on the merits and that claim 10 be dismissed as procedurally defaulted. Clay filed timely objections to the magistrate judge's report. After de novo review the district court adopted the magistrate judge's report and dismissed the case.
 
 
 4
 We affirm the dismissal of claims 1-7 and 10 on the reasoning of the district court. As to claim 8, though the magistrate judge concluded that Clay's guilty plea barred his double jeopardy challenge this is not the case, see Menna v. New York, 423 U.S. 61 (1975); Burgess v. Griffin, 743 F.2d 1064 (4th Cir.1984); at least not where the double jeopardy challenge is based on the alleged facial invalidity of the indictments, see United States v. Broce, 488 U.S. 563, 575 (1989). We nonetheless affirm the denial of relief because there is no merit to Clay's claim of double jeopardy. A defendant may properly be indicted for both conspiracy to rob and conspiracy to maliciously wound. Furthermore, Va.Code. Sec. 18.2-23.1 does not bar a conviction for both conspiracy and the substantive offense in the same trial. Boyd v. Commonwealth, 236 Va. 346, 351, 374 S.E.2d 301, 303 (1988).
 
 
 5
 Accordingly, we affirm the denial of relief on claims 1-8 and 10. Claim 9 presents a more difficult question.
 
 
 6
 Clay argues that he has not received proper credit for time served in jail while awaiting transfer to state prison. The state argued that this claim should be dismissed as review of it was barred by Clay's guilty plea. The magistrate judge recommended that the claim be dismissed, stating that it was noncognizable under Bryant v. Maryland, 848 F.2d 492 (4th Cir.1988). However, these grounds do not support the dismissal. The alleged error occurred after sentencing and review is therefore not barred by the guilty plea. The decision in Bryant only bars review of claimed errors in state habeas proceedings; it, likewise, is inapplicable to this claim.
 
 
 7
 A claim that prison authorities have improperly failed to award good time credits is cognizable on federal habeas review. Todd v. Baskerville, 712 F.2d 70, 71 (4th Cir.1983). Thus, the district court improperly denied relief on this claim on the basis that it was not cognizable. In Hill v. Hutto, 537 F.Supp. 1185, 1189 (E.D.Va.1982), relied on by Clay, the court held that the equal protection clause requires Virginia prison authorities to award good time credits to state inmates held for more than 90 days in local jail on the same basis as they are awarded to persons held in state institutions. Clay's claim is not without a legal basis; however, the present record does not reveal what factual support there is for this claim. The claim was erroneously dismissed as noncognizable. Because it is based upon an arguably sound legal basis we remand for further consideration. We express no opinion as to whether the present record supports such a claim.
 
 
 8
 In conclusion, in No. 91-6564 we grant a certificate of probable cause to appeal and affirm the denial of relief on claims 1-8 and 10. We vacate the denial of relief on claim 9 and remand that issue for further consideration. We deny Clay's motion to supplement the record because the transcript of the plea hearing is already included in the record. The appeal in No. 91-6565 arose from the filing of a second notice of appeal from the same final order; we therefore deny a certificate of probable cause to appeal and dismiss it as duplicative. The appeal in No. 91-6566 was noted outside the 30-day period established by Fed.R.App.P. 4(a)(1). The time periods established by Fed.R.App.P. 4 are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). We therefore deny a certificate of probable cause to appeal and dismiss No. 91-6566 for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 No. 91-6564--AFFIRMED IN PART, VACATED AND REMANDED IN PART Nos. 91-6565, 91-6566--DISMISSED.
 
 
 
 *
 Clay filed three notices of appeal from the district court's final order. The first two were timely, the third was not