### State of Vermont v. Vernon Crawford

[737 A.2d 366]

No. 98-323

Present: **Amestoy, C.J., Dooley, Morse, Johnson and Skoglund, JJ.**

Opinion Filed June 25, 1999

*Vincent Illuzzi*, Essex County State's Attorney, Orleans, and *Thomas R. Paul*, Deputy State's Attorney (On the Brief), St. Johnsbury, for Plaintiff-Appellee.

*Robert Appel*, Defender General, and *William A. Nelson*, Appellate Attorney, Montpelier, for Defendant-Appellant.

**Amestoy, C.J.** Defendant Vernon Crawford appeals from a district court judgment denying his motion to dismiss three counts of criminal trespass. Defendant argues that the State was barred from prosecuting him for trespass after previous charges for burglary based on the same alleged conduct were dismissed with prejudice pursuant to the Interstate Agreement on Detainers (IAD). We affirm, holding that a dismissal with prejudice pursuant to the IAD does not prohibit a subsequent prosecution for conduct arising out of the same alleged criminal transaction unless the newly charged crime is a lesser included offense of the charge dismissed with prejudice.

On October 25, 1995, the Essex County prosecutor charged defendant with one count of sexual assault and thirteen counts of burglary. At the time the charges were filed, defendant was serving a prison sentence in New Hampshire. The Vermont charges were lodged as detainers against defendant, and the State requested temporary custody pursuant to the IAD. See 28 V.S.A. §§ 1501-1509.

The IAD sets forth procedures for the prompt disposition of criminal charges filed in one state against a prisoner in another state. A prosecutor in the jurisdiction where such untried charges are pending may file the charges as detainers in the "sending state," the state in which the prisoner is incarcerated, and request temporary custody of the prisoner for purposes of prosecution. See *id.* § 1504. A prisoner with detainers lodged against him may serve the prosecuting authority a "request for a final disposition to be made of the indictment, information or complaint" pursuant to § 1503, which requires the "receiving state," the state in which the trial is to be had, to bring the prisoner to trial within 180 days. See *id.* § 1503(a). Once a receiving state has temporary custody of a prisoner pursuant to the IAD, trial must be had on the pending charges before the prisoner is returned to the sending state, or the "indictment, information or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice." *Id.* §§ 1503(d), 1504(e).

On November 30, 1995, defendant filed a request for the final disposition of informations pursuant to § 1503 of the IAD. Defendant was transported to Vermont, arraigned on the charges on December 5, 1995, and returned to the custody of New Hampshire without being tried. On January 29, 1996, citing these prior proceedings, defendant filed a motion to dismiss the pending Vermont charges on grounds that he was returned to New Hampshire before trial in violation of 28 V.S.A. § 1504(e). Defendant's motion to dismiss was granted on February 6, 1996, and the sexual assault count and all thirteen counts of burglary were dismissed with prejudice. The State did not appeal the dismissal.

On February 25, 1997, the Essex County prosecutor filed a new fourteen-count information. Eleven of the new charges were for unlawful trespass, one was a charge of burglary which the State subsequently withdrew, and the other two were charges of unlawful mischief. The new charges were lodged as detainers at the New Hampshire prison where defendant was still incarcerated. Defendant moved to dismiss the trespass charges, arguing that trespass is a lesser included offense of burglary and, therefore, he could not be charged with trespass after the burglary charges had been dismissed with prejudice pursuant to § 1504(e) of the IAD. Defendant also argued that the charges were barred by the Fifth Amendment guarantee against double jeopardy.

The Essex District Court denied the motion, concluding that dismissal with prejudice of the burglary charges did not preclude

prosecution for trespass and that jeopardy had not attached in the prior burglary proceeding. The court granted permission to take an interlocutory appeal, which we denied for having been improvidently granted. The defense and the State then entered into a conditional guilty plea whereby defendant would plead guilty to three counts of unlawful trespass, the State would dismiss the remaining counts and defendant would reserve the right to appeal the denial of his motion to dismiss. Pursuant to this agreement, defendant pleaded guilty and filed a timely notice of appeal.

■ ■ It is instructive to first take note of the arguments defendant is not advancing on appeal. Defendant does not contend, as he did below, that the double jeopardy clause of the Fifth Amendment bars the prosecution of the charged crimes because they are lesser included offenses of the charges dismissed with prejudice. Indeed, defendant concedes that the 1997 trespass charges "were almost, but not quite, lesser included offenses of the 1995 burglary charges."* Nor is defendant urging us to apply the doctrine of res judicata or claim preclusion to this case, correctly observing that we have not applied the doctrine of claim preclusion to criminal cases. See *State v. Dann*, 167 Vt. 119, 125, 702 A.2d 105, 109 (1997).

---

*The Fifth and Fourteenth Amendment guarantees against double jeopardy bar subsequent prosecution for a lesser offense, if, in proving the greater offense, the prosecution "relies on and proves" the elements of the lesser offense as an element of the greater offense. *Illinois v. Vitale*, 447 U.S. 410, 421 (1980). See also *State v. Grega*, 168 Vt. 363, 382, 721 A.2d 445, 459 (1998) (double jeopardy clause does not prevent multiple punishment if "'each [statutory] provision requires proof of a fact which the other does not.'") (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). Defendant was originally charged with burglary in violation of 13 V.S.A. § 1201. A person is guilty of burglary if he "enters any building or structure knowing that he is not licensed or privileged to do so, with the intent to commit a felony, petit larceny, simple assault, or unlawful mischief." *Id.* § 1201(a). The 1997 indictment charged defendant with unlawful trespass in violation of 13 V.S.A. § 3705(d). A person is guilty of criminal trespass in violation of § 3705(d) if he "enters a dwelling house, whether or not a person is actually present, knowing that he is not licensed or privileged to do so." *Id.* § 3705(d). To convict a defendant of criminal trespass, the State is required to prove that the defendant entered a "dwelling house," while for burglary, entry of "any building or structure" could support a conviction. Although the elements of entry and knowledge are common to both statutes, burglary does not require entry into a "dwelling house" and trespass does not require intent to commit a felony or other crime, a point which defendant concedes in his brief. "[T]he lesser offense is considered to be included in the greater offense only if each of its elements is 'always a necessary element' of the greater offense." *State v. Forbes*, 147 Vt. 612, 617, 523 A.2d 1232, 1235 (1987) (quoting *Vitale*, 447 U.S. at 419). Trespass in violation of § 3705(d) requires the State to prove an element not included in burglary; it is therefore not a lesser included offense.

Defendant's claim here is best described as an argument for a generous interpretation of the phrase "with prejudice" as it appears in the IAD. To that end, defendant, while conceding that neither the double jeopardy clause nor the doctrine of res judicata are directly applicable to the case before us, urges that we conclude that the drafters of the IAD intended the phrase "with prejudice" to prohibit the refiling not only of previously dismissed charges but to bar as well the filing of charges arising out of the "same transaction."

As applied to the facts, defendant contends that the court's dismissal of the 1995 burglary charges — unchallenged by the State and required by the IAD — precluded the subsequent filing of criminal trespass charges based on the same alleged conduct. Defendant argues that in our examination of other claim preclusion cases we have looked to the Restatement for guidance on what constitutes identical or substantially identical claims. The Restatement rule bars relitigation of related claims which arise out of "all or any part of the transaction, or series of connected transactions, out of which the action arose." Restatement (Second) of Judgments § 24(1) (1982). Defendant concedes that trespass is not a lesser included offense of burglary but argues that the trespass charges arise out of the identical factual circumstances and, therefore, the 1997 charges violate the Restatement rule.

The State, basing its response primarily on the specific issue raised by defendant in the trial court, argues that because jeopardy did not attach to the burglary charges — the dismissal of those charges having occurred before a jury was empaneled, see *Serfass v. United States*, 420 U.S. 377 (1975) — prosecution on the trespass charges does not subject defendant to double jeopardy. The State also argues that while the doctrine of collateral estoppel or issue preclusion is part of the constitutional guarantee against double jeopardy, there is no indication that the doctrine is embodied in the statutory remedy in 28 V.S.A. §§ 1503(d) or 1504(e), particularly where the dismissal occurred before a jury verdict of acquittal. See *Sealfon v. United States*, 332 U.S. 575 (1948). Accordingly, the State contends it was not collaterally estopped from filing trespass charges after the burglary charges were dismissed with prejudice.

Although defendant would have us look to the Restatement to determine the applicability of the "same transaction" test in IAD cases, two more instructive sources are the United States Supreme Court's decision in *Ashe v. Swenson*, 397 U.S. 436 (1970), and the New York Federal District Court's decision in *United States v.*

*Cumberbatch,* 438 F. Supp. 976 (S.D.N.Y. 1976). The relevance of the "same transaction" analysis to the trespass charges is fairly summarized in *Cumberbatch,* where, as here, the defendant argued that dismissal of criminal charges with prejudice for failure to comply with the IAD should bar any subsequent prosecution charging different crimes arising from the original underlying conduct:

> The defendant's . . . argument is premised on the "same transaction" test in the double jeopardy area. . . . In *Ashe,* the Supreme Court held that the doctrine of collateral estoppel was included in the fifth amendment's guarantee against double jeopardy. [T]he Court[] did not adopt the "same transaction" test, and, thus, it has not been held to be part of the collateral estoppel element of the Double Jeopardy Clause. Moreover, the collateral estoppel argument is wholly inapplicable to this case. As the Court in *Ashe* stated, collateral estoppel bars the relitigation by the same parties of an issue of ultimate fact which has been determined by a valid and final judgment. No such fact has been litigated in the present case, and, thus, the collateral estoppel rule does not apply.

*Cumberbatch,* 438 F. Supp. at 979 (citations omitted).

■ Collateral estoppel, or issue preclusion, is a constitutional right embodied in the Fifth Amendment guarantee against double jeopardy, see *Ashe,* 397 U.S. at 445, and, while there is no question it applies to criminal matters, see *Dann,* 167 Vt. at 126, 702 A.2d at 110, it does not apply here. As in *Cumberbatch,* no issue of ultimate fact has been determined and, thus, the State is not collaterally estopped from prosecuting defendant for trespass. See *Trepanier v. Getting Organized, Inc.,* 155 Vt. 259, 265, 583 A.2d 583, 587 (1990) (dispensing with appellant's argument for application of collateral estoppel based on determination of second element only — that is, that no ultimate issue of fact was resolved by final judgment on merits). Here, as in *Cumberbatch,* the State, in indicting defendant on trespass charges, is attempting to "salvage its prosecution" in the wake of the dismissal of the burglary indictments. *Cumberbatch,* 438 F. Supp. at 978. However, neither the language of the IAD nor the facts of this case compel a result that would insulate defendant from all criminal liability solely because the State did not charge defendant with every possible criminal offense arising out of the initial alleged misconduct. "The [IAD] does not create consequences beyond those accompanying the

dismissal with prejudice of the particular indictment that was subject to the [IAD's] time constraints. In other words, the Act does not prevent subsequent indictments that would not be barred by the protections against double jeopardy." *United States v. Boone*, 959 F.2d 1550, 1554 (11th Cir. 1992).

The "with prejudice" language of the IAD barred the prosecution of defendant on the dismissed sexual assault and burglary charges, not on every possible charge arising out of the conduct underlying the dismissed counts. See *id.* The "anti-shuttling" objective of the IAD — to prevent repeated transfers of a prisoner who has more than one charge against him in the receiving state — was amply served by precisely what transpired here when the State of Vermont failed to try the case against defendant within the proscribed time limits of the IAD: the dismissal and permanent bar of prosecution for one sexual assault charge and thirteen burglary charges, each of which carried substantially greater exposure for lengthy incarceration than defendant now faces.

*Affirmed.*